UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-12633-RGS

LOBARI BLACKWELL

v.

COMMONWEALTH OF MASSACHUSETTS, et al.

# ORDER

September 16, 2026

STEARNS, D.J.

*Pro se* litigant Lobari Blackwell brings this action against the Commonwealth of Massachusetts, the Massachusetts Registry of Motor Vehicles (RMV) and "John Doe Officials 1-10 in their official and individual capacities," challenging the suspension and/or revocation of his driver's license. Blackwell has also filed a motion for leave to proceed *in forma pauperis* and for service by the United States Marshals Service. For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, direct Blackwell to file an amended complaint if he wishes to proceed with this action, and deny without prejudice the motion for service by the USMS.

MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Considering the information Blackwell provided in his motion for leave to proceed *in forma pauperis*, the court concludes that Blackwell has adequately demonstrated he is unable to pay the $405 filing fee. Accordingly, the motion is GRANTED.

REVIEW OF THE COMPLAINT

Because Blackwell is proceeding *in forma pauperis*, the court may conduct a preliminary review of his complaint and dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting this review, the court liberally construes Blackwell's complaint because he is proceeding *pro se*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

I. Blackwell's Allegations

According to Blackwell, "Defendants alleged that Plaintiff committed defective equipment violations and/or was involved in motor vehicle accidents," and "thereafter suspended and/or revoked Plaintiff's driver's license. Compl. at 2. Blackwell further alleges that "Defendants relied upon allegations, reports, administrative determinations or unsupported accusations without adequate evidentiary findings or lawful adjudication."

*Id.* Blackwell claims that he "was not afforded constitutionally sufficient procedural safeguards prior to deprivation of [his] protected property interest." *Id.* Blackwell also asserts that he "did not receive adequate notice of the allegations, meaningful opportunity to contest the evidence, or a fundamentally fair hearing before revocation and/or suspension occurred." *Id.* Blackwell brings a claim under 42 U.S.C. § 1983 for a violation of his Fourteenth Amendment right to due process and a claim for "Arbitrary and Capricious Governmental Action." *Id.* at 2-3. Blackwell asks that this court restore his license and award him damages. *Id.* at 3.

DISCUSSION

To state a claim upon which relief may be granted, a complaint must set forth a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In evaluating the sufficiency of the complaint, the court only considers "well-pleaded" factual allegations. In other words, factual allegations that consist merely of "labels and conclusions" are not credited. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* Further, the well-pleaded facts, accepted as true, must "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is considered "plausible" when the plaintiff's non-conclusory factual allegations, treated as true, allows the court to reasonably infer that the defendant is liable to the plaintiff under a cognizable legal theory. *Id.*

Here, Blackwell's complaint fails to state a claim upon which relief may be granted. His allegations consist of no more than "threadbare recitals of the elements, supported by mere conclusory statements," and fail to give the defendants adequate notice of the basis of his claims. As an initial matter, he does not provide basic information such as when the relevant events took place. In addition, he does not identify the notice that he did receive or state why such notice was inadequate. Blackwell does not describe what opportunity he was given to contest the evidence, and he does not identify the manner in which any hearing was fundamentally unfair. Similarly, he does not offer any allegations identifying the evidence upon which the decision was made to suspend or revoke his license or why such evidence was inadequate to support the decision to suspend or revoke his license.

Finally, he does not indicate whether he sought further administrative review of RMV's decision in front of the Board of Appeal on Motor Vehicle

Liability Policies and Bonds, *see* M.G.L. ch. 90, § 28, and judicial review of said Board's decision, *see* M.G.L. ch. 30A, § 14. Whether he availed himself of these avenues for review of the RMV's decision is relevant to whether he has plausibly pled a violation of his right to due process.

In addition, under the alleged facts, Blackwell cannot state a claim upon which relief may be granted against the Commonwealth or the RMV. Under the doctrine of Eleventh Amendment immunity, it is recognized that States (including their departments, agencies, and officials acting in their official capacities) have immunity from suit in a federal court unless the State has consented to be sued in federal court or Congress has overridden the State's immunity. *See Virginia Off. for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011) ("[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."). Here, Blackwell has not stated any claim for which the Congress has abrogated, or the Commonwealth has waived, its immunity. Therefore, he has failed to state a claim upon which relief may be granted.

In addition, any claim against the Commonwealth or the RMV under 42 U.S.C. § 1983—in federal or in state court—fails as a matter of law because states are not subject to suit under this statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, "a state official in his or her

official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Id.* at 71 n.10 (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985).

**ORDER**

In accordance with the foregoing:

1. The motion for leave to proceed *in forma pauperis* is GRANTED.

2. If Blackwell wishes to proceed with this action, he must file an amended complaint in which he states a claim upon which relief may be given. Failure to do so within twenty-eight (28) days (by October 14, 2026) will result in dismissal of this action without prejudice.

3. The motion for service by the USMS is DENIED without prejudice. If the court later orders that a summons issue, the court will also order that Blackwell may ask the USMS to complete service.

**SO ORDERED.**

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE